**UNITED STATES of America**

v.

**Christopher ALFRED, Appellant.**

**No. 11–4343.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) April 24, 2013.

Filed: Sept. 5, 2013.

---

Alphonso G. Andrews, Jr., Esq., Office of United States Attorney, Christiansted, St. Croix, VI, for Appellee.

Amelia B. Joseph, Esq., Christiansted, VI, for Appellant.

Before: McKEE, Chief Judge, SCIRICA, and VANASKIE, Circuit Judges.

## OPINION

VANASKIE, Circuit Judge.

Christopher Alfred appeals his conviction of one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), and three counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1). Alfred contends that the District Court committed reversible error by admitting as evidence a statement he made to authorities indicating that he had been a distributor of marijuana. Concluding that the District Court acted within its discretion under Rule 404(b) of the Federal Rules of Evidence, we will affirm the judgment of conviction.

## I.

We write principally for the parties, and thus set forth only the facts essential to our analysis. Around 2001, Myron Punter began selling cocaine and crack cocaine in Alaska. He received the drugs via mail from the Virgin Islands, sent by one of Alfred's codefendants, Isaiah Fawkes, who grew up with Punter in the Virgin Islands. Initially, Punter wired money or sent money orders directly to Fawkes, but later, in an attempt to avoid suspicion, Punter employed others to wire the money to other individuals in the Virgin Islands identified by Fawkes. Two such people employed by Punter were Leigh Bennett and Tanisha Wade. Alfred received six wire transfers from both Punter and Bennett, totaling $15,500. In addition, Alfred's girlfriend at the time, Carolyn Urgent, also received a total of $38,000 from Bennett and Wade in four wire transfers. Urgent testified that Alfred told her from whom the money was to be sent and how much was to be received, and that she delivered to Alfred the money wired to her.

In June of 2007, a grand jury indicted Alfred and seven other defendants on a number of counts. Alfred was charged with one count of conspiracy to commit money laundering and three counts of money laundering. After their indictment, Alfred and six other defendants proceeded to trial, which, due to appeals concerning double jeopardy implications based on similar charges from a 2005 indictment that ended in a mistrial, did not begin until March of 2011.[1]

Prior to trial, the Government filed notice, under Rule 404(b), of its intent to introduce evidence of other wrongs and acts committed by Alfred. The Government followed up its notice with a motion in limine seeking to allow introduction of Alfred's admission that he had been a distributor of marijuana. Alfred then filed a motion in limine seeking to exclude as evidence those statements about having been a marijuana distributor. The District Court concluded that reference to Alfred's marijuana distribution should not be excluded. The District Court explained that the statements fit within Rule 404(b)'s exceptions to show a defendant's knowledge or absence of mistake—in this case, regarding money laundering of drug proceeds—and the statement's probative value was not substantially outweighed by any unfair prejudicial effect.

At trial, a government agent testified that Alfred told him that "he was a dealer of marijuana." (App. 97.) The jury returned a guilty verdict on all counts against Alfred.

## II.

The District Court had jurisdiction under 48 U.S.C. § 1612(a) and 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291. We review the district court's admission of evidence under Rule 404(b) for abuse of discretion, and we will only reverse the district court if its decision was "clearly contrary to reason and not justified by the evidence." *United States v. Butch,* 256 F.3d 171, 175 (3d Cir.2001) (internal quotation marks omitted).

Rule 404(b) prohibits the admission of "[e]vidence of a crime, wrong, or other act

---

1. Five of the other codefendants' appeals of the judgments based on the 2007 indictment were joined: *United States v. Garcia,* No. 11–1999; *United States v. Maragh,* No. 11–2036; *United States v. Allick,* No. 11–4305; *United States v. Young,* No. 11–4344; and *United States v. Clouden,* No. 11–4522. A panel of this Court has already affirmed the judgment of conviction and sentence of Fawkes. *See United States v. Fawkes,* 510 Fed.Appx. 183 (3d Cir.2013).

... to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed.R.Evid. 404(b)(1). Rule 404(b), however, does permit evidence of crimes, wrongs, and other acts to be admitted to prove, among other things, knowledge or absence of mistake. *See* Fed.R.Evid. 404(b)(2). "To be admissible under Rule 404(b), evidence of uncharged crimes or wrongs must (1) have a proper evidentiary purpose; (2) be relevant; (3) satisfy Rule 403; and (4) be accompanied by a limiting instruction (where requested) about the purpose for which the jury may consider it." *United States v. Green*, 617 F.3d 233, 249 (3d Cir.2010).

■ Each of the four prongs is satisfied here. First, Alfred's admission of prior trafficking involvement served a proper evidentiary purpose and was relevant in that it made it more probable than not that Alfred understood that the money transfers he facilitated constituted proceeds of unlawful activity, an essential element of the crime of money laundering. *See United States v. Richardson*, 658 F.3d 333, 337–38 (3d Cir.2011). The Government plainly articulated this rationale in support of its motion in limine, and the District Court adequately explained that Alfred's admission was relevant to knowledge and absence of mistake, two of the proper purposes for allowing introduction of evidence of prior bad acts under Rule 404(b)(2).

■ Second, the District Court did not act arbitrarily or irrationally in weighing the probative value of this evidence against the danger of unfair prejudice. *See United States v. Universal Rehab. Servs. (PA), Inc.*, 205 F.3d 657, 669 (3d Cir.2000) ("[W]e cannot reverse a District Court's conclu-

sion under Federal Rule 403 unless such a conclusion is ... arbitrary or irrational." (internal quotation marks omitted)). Alfred was not charged with drug trafficking crimes, but with conducting and conspiring to conduct financial transactions in an attempt to conceal the nature and source of proceeds from unlawful activity conducted by others. His prior drug trafficking was relevant only to the key questions of knowledge and absence of mistake. It is neither arbitrary nor irrational to find that the prejudicial effect of this evidence did not *substantially* outweigh its probative value.[2]

[3] Finally, although not directly challenged by Alfred, we note that the District Court gave a limiting instruction to the jury concerning the proper purpose of Alfred's statement regarding his marijuana distribution. The District Court cautioned the jury that some other illegal act by a defendant is not proof that he or she committed the offenses charged in the indictment. The District Court further instructed the jury that it could consider Alfred's statement "only with respect to Alfred's knowledge as to the way drug payments are made, and/or camouflaged and concealed. That is the only relevance that the statement he allegedly made about marijuana would have in this case." (Dist. Ct. Doc. # 441, at 117.) We find the District Court's limiting instruction adequate for the purposes of Rule 404(b).

### III.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

**2.** Contrary to Alfred's assertion that the Government did not give reasonable pretrial notice of its intention to introduce such evidence, as required by Rule 404(b)(2), the Government's motion in limine provided ample notification, as evidenced by Alfred's own motion in limine to exclude the admission of prior drug dealing.